Filed 9/22/22  P. v. Weeden CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

|  |  |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>    v.<br><br>SARAH WEEDEN,<br><br>        Defendant and Appellant. | C093750<br><br>(Super. Ct. No. 05F10198) |

In 2008, defendant Sarah Weeden was convicted of first degree murder among other things.  She subsequently obtained habeas relief and pleaded no contest to voluntary manslaughter.  When she later filed a petition for resentencing under Penal Code section 1172.6,[1] the trial court denied her relief on the basis that section 1172.6 did not apply to the crime of voluntary manslaughter.  Although that was true when the trial court made its ruling in 2021, as of January 1, 2022, section 1172.6 now applies to certain defendants

_____

[1] Effective June 30, 2022, the Legislature renumbered Penal Code section 1170.95 to section 1172.6 with no change in text.  (Stats. 2022, ch. 58, § 10.)  Further undesignated statutory references are to the Penal Code.

1

who were convicted of voluntary manslaughter. (Senate Bill No. 775 (2020-2021 Reg. Sess.) (Stats. 2021, ch. 551, § 2).) In light of these changes, we will reverse the trial court's denial order and remand for further proceedings.

BACKGROUND

A detailed recitation of the underlying facts is set forth in this court's prior opinion in *People v. Melonson* (May 15, 2013, C061352 & C061800) [nonpub opn.] (*Melonson*). In 2005, defendant struck up a conversation with Nanvil Chand and later arranged to meet him. Defendant was 14 years old at the time and mentioned to a friend that she would rob Chand and his friends. During the scheduled meeting, Sirtice Melonson and another man shot Chand and his friend. Chand died and his friend was injured.

Defendant and Melonson were charged with murder, attempted murder, and attempted second degree robbery. (§§ 187, subd. (a), 664/187, subd. (a), 664/211.) A jury found defendant guilty of first degree murder and attempted second degree robbery. The jury also found true that defendant was armed. (§ 12022, subd. (a)(1).) The trial court sentenced defendant to an aggregate term of 25 years to life in prison plus four years. This court affirmed the judgment. (*Melonson, supra*, C061352 & C061800.)

The Ninth Circuit subsequently granted defendant's petition for federal habeas corpus relief based on ineffective assistance of trial counsel. (*Weeden v. Johnson* (9th Cir. 2017) 854 F.3d 1063.) The judgment was reversed and the matter was remanded.

Proceedings resumed in the trial court and defendant pleaded no contest to voluntary manslaughter. The trial court sentenced defendant to 11 years in state prison with credit for time served, and defendant was released from custody.

In September 2019, defendant filed a petition for recall and resentencing under section 1172.6. She argued she was originally convicted of first degree murder based entirely on felony murder, and she subsequently pleaded no contest to voluntary manslaughter because she believed she could have been convicted of murder under the felony-murder rule. The trial court denied the petition because, under the published case

2

law at the time, relief under section 1172.6 was unavailable to those convicted of voluntary manslaughter.

## DISCUSSION

Defendant contends the trial court's denial order must be reversed because, while her appeal was pending, the Legislature amended section 1172.6 to apply to the crime of manslaughter. The People agree.

Senate Bill No. 1437 (2017-2018 Reg. Sess.), which became effective on January 1, 2019, "amend[ed] the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f).) It also added former section 1170.95, which allowed those convicted of felony murder or murder under the natural and probable consequences doctrine to petition the trial court to vacate and resentence the defendant. (Former § 1170.95, subd. (a).) "If the petitioner makes a prima facie showing that he or she is entitled to relief, the court shall issue an order to show cause." (Former § 1170.95, subd. (c).)

Senate Bill No. 775 amended section 1172.6 to provide that the petition process now also applies to persons previously convicted of attempted murder or manslaughter based on felony murder or the natural and probable consequences doctrine. (§ 1172.6, subd. (a).) The change applies to acts predating its enactment as either an ameliorative statute under *In re Estrada* (1965) 63 Cal.2d 740, 748, or a clarification of law (*Western Security Bank v. Superior Court* (1997) 15 Cal.4th 232, 243; *People v. Lee* (2018) 24 Cal.App.5th 50, 57). Under either theory, defendant is entitled to the benefit of the amendments to section 1172.6.

In her petition, defendant stated she could not now be convicted of her charged crimes based on the recent changes to sections 188 and 189. The trial court denied defendant's

3

petition because former section 1170.95 did not apply to voluntary manslaughter convictions. Given that Senate Bill No. 775 now provides that section 1172.6 does apply to certain manslaughter convictions, defendant may be entitled to relief.

DISPOSITION

The order denying defendant's petition for recall and resentencing is reversed. The matter is remanded for further proceedings consistent with this opinion.


           /S/
           MAURO, Acting P. J.


We concur:


   /S/
HOCH, J.


   /S/
RENNER, J.